IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
      v.                    )      2:24cr487-MHT
                            )          (WO)
AARON DEVONTE ANDERSON      )
                            )
```

ORDER

This case is before the court on the motion to
continue trial filed by defendant Aaron Devonte
Anderson.  For the reasons set forth below, the court
finds that jury trial now set for April 14, 2025,
should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the
sound discretion of the trial judge, *see United States
v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the
court is limited by the requirements of the Speedy
Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is
> entered, the trial of a defendant charged in
> an information or indictment with the
> commission of an offense shall commence within
> seventy days from the filing date (and making

> public) of the information or indictment, or
> from the date the defendant has appeared
> before a judicial officer of the court in
> which such charge is pending, whichever date
> last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), or resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the

2

reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Anderson in a speedy trial. Anderson requests that the trial be continued for a sufficient period of time to allow the court to consider the United States Magistrate Judge's report and recommendation on Anderson's motion to suppress, the government's objection to the recommendation, and Anderson's response to the objection. Anderson represents that the court's ruling on the motion will likely dictate whether the case is resolved by dismissal or trial. He further represents that should the motion be denied, both parties will need more time to adequately prepare for trial. The court concludes continuance is warranted to allow itself sufficient

time for the resolution of the motion to suppress, and, should the motion be denied, for the parties to adequately prepare for trial.  Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Aaron Devonte Anderson's unopposed motion to continue trial (Doc. 43) is granted.

(2) The jury selection and trial for defendant Anderson, now set for April 14, 2025, are continued to August 11, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 21st day of March, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4