IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:24cr487-MHT** |
| | ) | **(WO)** |
| **AARON DEVONTE ANDERSON** | ) | |
| | ) | |

ORDER

This cause is before the court on the motion to continue trial filed by defendant Aaron Devonte Anderson. For the reasons set forth below, the court finds that jury trial now set for September 8, 2025, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>     public) of the information or indictment, or
>     from the date the defendant has appeared
>     before a judicial officer of the court in
>     which such charge is pending, whichever date
>     last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), or from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

2

preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Anderson in a speedy trial. Anderson requests that the trial be continued to allow his counsel more time to receive and review plea documents with Anderson so that the parties can finalize their plea negotiations. There is no indication that counsel has not been diligent.* A continuance is warranted to allow the parties sufficient time to complete plea negotiations. Moreover, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

---

* The court notes that Anderson filed a motion to suppress on February 14, 2025 (Doc. 30), which was not finally resolved until July 22, 2025. *See* Opinion and Order (Doc. 54). Plea negotiations presumably were delayed pending the outcome of the suppression motion.

3

(1) Defendant Aaron Devonte Anderson's unopposed motion to continue trial (Doc. 59) is granted.

(2) The jury selection and trial for defendant Anderson, now set for September 8, 2025, are continued to October 27, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(3) The unopposed motion to extend the change of plea deadline (Doc. 59) is left pending for resolution by the United States Magistrate Judge.

DONE, this the 18th day of August, 2025.

                                         /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**